Citation Nr: 1331595 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 99-15 793 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey


THE ISSUE

1. Entitlement to an initial compensable evaluation for bilateral hearing loss.

2. Entitlement to service connection for bone cancer of the right foot.

3. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a bilateral eye disability, to include blepharitis and trichiasis. 


REPRESENTATION

Appellant represented by: Robert W. Legg, Attorney at Law


ATTORNEY FOR THE BOARD

M. Carsten, Counsel

INTRODUCTION

The Veteran served on active duty from December 1950 to September 1954. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from April 2009 and May 2013 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey. 

In June 2012, the Board denied a rating higher than 10 percent disabling for residuals of injury to muscle group XIV; and denied an evaluation higher than 10 percent disabling for tinnitus. These issues are no longer for consideration. The Board remanded the hearing loss evaluation issue for further development. 

In June 2012, the Board referred the issue of entitlement to service connection for left hip arthritis to the Agency of Original Jurisdiction (AOJ) for appropriate action. It does not appear that this issue has been addressed and the Board again refers the matter. In this regard, it is noted that the Board previously denied service connection for a left hip disorder in October 2005.

The Virtual VA and VBMS folders have been reviewed. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the appellant if further action is required.


REMAND

Evaluation for bilateral hearing loss

In April 2009, the RO granted service connection for bilateral hearing loss and assigned a noncompensable evaluation from April 4, 2007. An earlier effective date of September 9, 2003 was subsequently granted. In May 2009, the Veteran disagreed with the evaluation. In October 2009, he stated that he wished to withdraw the appeal. In March 2010, within the one-year appeal period, he asked to reopen his appeal. A Statement of the Case was furnished in September 2010 and the Veteran perfected this appeal. 

In June 2012, the Board remanded the issue for further development. In substantial compliance with the remand instructions, the RO obtained clarifying information from New Jersey Audiology as to an August 2008 examination and referenced the March 2010 VA audiology evaluation in the July 2013 Supplemental Statement of the Case. 

On review, the Veteran last underwent a VA audiology examination for compensation and pension purposes in March 2009. While the Veteran underwent a VA audiology evaluation in March 2010, this appears to have been in connection with an outpatient audiology consult. The audiology evaluation form indicates that speech recognition testing was conducted using the CIDW-22 list and not the Maryland CNC. Thus, those results are not adequate for VA evaluation purposes. See 38 C.F.R. § 4.85 (2013). 

In his September 2010 VA Form 9, the Veteran stated that his hearing had been greatly impaired from his first to second test and that it was getting worse. In a February 2013 statement, the Veteran stated that he was fitted with two hearing aids and that his hearing has worsened. Considering the Veteran's contentions and the length of time since the last examination, additional VA examination is warranted. See 38 C.F.R. § 3.327 (2013); Green v. Derwinski, 1 Vet. App. 121 (1991). 

Service connection 

In May 2013, the RO denied entitlement to service connection for bone cancer of the right foot; and confirmed and continued a previous denial of service connection for blepharitis and trichiasis, both eyes, finding that new and material evidence had not been received to reopen the claim. 

In June 2013, the Veteran submitted a notice of disagreement. On review, it does not appear that a Statement of the Case has been furnished as to these issues. Thus, a remand is required. Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). Expedited handling is requested.)

1. Schedule the Veteran for a VA examination to ascertain the severity and manifestations of his bilateral hearing loss. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed, including the Maryland CNC test and a puretone audiometry test. The claims folder should be made available for review by the examiner. Additionally, all relevant medical records should be made available to the examiner for review, either in the Virtual claims file, or if unavailable, then via paper copies. 

2. The Veteran is hereby notified that it is his responsibility to report for the examinations and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. § 3.655.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the RO must implement corrective procedures. 


4. Upon completion of the above requested development and any additional development deemed appropriate, the RO should readjudicate the issue of entitlement to an initial compensable evaluation for bilateral hearing loss. If the benefit sought on appeal remains denied, the appellant and his representative should be provided with a Supplemental Statement of the Case. An appropriate period of time should be allowed for response. 

5. The RO shall issue a Statement of the Case on the following issues: entitlement to service connection for bone cancer of the foot; and whether new and material evidence has been received to reopen a claim of service connection for a bilateral eye disability, to include blepharitis and trichiasis. If, and only if, the appellant completes his appeal by filing a timely substantive appeal on the issues should they be returned to the Board. 38 U.S.C.A. § 7104 (West 2002). 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).




_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).